2015R00134/DAW/BAW/sc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton, U.S.D.J. |
| v. | : | Crim. No. 15-552 (SDW) |
| GREGORY J. AKER, | : | PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |

WHEREAS, on or about October 23, 2015, defendant Gregory J. Aker pleaded guilty pursuant to a plea agreement with the United States to a one-count Information (the "Information"), which charged the defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5);

WHEREAS, as part of his plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 2253, the following: (1) all computer and computer accessories on which law enforcement, in or about February 2014, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be

used to commit or to promote the commission of the offense charged in the Information and all property traceable to such property (the "Specific Property," listed on Schedule A hereto).

WHEREAS, in the plea agreement, the defendant further consented to the entry of orders of forfeiture as to the forfeitable property pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure; to waive all interest in the forfeitable property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; and to waive the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2253(b)) and Federal Rule of Criminal Procedure 32.2(b)(6), the Government is now required to publish notice of the forfeiture and provide notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding;

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1.      Pursuant to 18 U.S.C. § 2253, by virtue of the defendant's guilty plea to the charge in the Information, which is an offense in violation of 18 U.S.C. § 2252A, and pursuant to the plea agreement and Rule 32.2(b)(2)(A) of the Federal Rules of Criminal Procedure, all of the defendant's right, title, and interest in the following property is hereby forfeited to the United States for

disposition according to law, subject to the provisions of 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2253(b)):

> All computer and computer accessories on which law enforcement, in or about February 2014, discovered visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260; (2) all visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260 that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information and all property traceable to such property, to wit, the property listed on Schedule A hereto,

(the "Specific Property").

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Gregory J. Aker, shall be made part of the sentence of defendant Gregory J. Aker, and shall be included in the judgment of conviction therewith.

3. The Federal Bureau of Investigation shall maintain custody of the Specific Property and hold such property in its secure custody and control pending entry of a final order of forfeiture.

4. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to

any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. The notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought. *See* Fed R. Crim. P. 23.2(b)(6); 21 U.S.C. § 853(n)(2), (3).

6. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), in which all interests will be addressed.

8.  Following the entry of a Final Order of Forfeiture in the above-captioned case, the Federal Bureau of Investigation, in its sole discretion, may destroy the Specific Property named in the Final Order of Forfeiture.

9.  This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this _9th_ day of November, 2015.

_____
HONORABLE SUSAN D. WIGENTON
United States District Judge

## **SCHEDULE A**

1. One Gateway FX8840 CPU desktop computer, serial number PTGAT0203304609e522700, containing a Western Digital hard drive, serial number WCAS82492212

2. One Western Digital Passport External Hard Drive, serial number WXA1E42EAD37

3. One Western Digital Passport External Hard Drive, serial number WX91E13PUZ48

4. One HP Pavilion PC A1620Y desktop computer, serial number MXG6500CLR

5. One HP Pavilion A320N desktop computer, serial number MXK3431S1J

6. One Compaq Presario CQ62 laptop computer with power cord

7. One Dell Dimension L500r desktop computer, service tag number: E1LUZ

8. One Quantum Maverick Hard Drive #5M51354TTP

9. One Hewlett Packard Seagate hard drive model number ST3491A, serial number DW215896

10. One Western Digital Caviar 21600 External Hard Drive, serial number WM336 4522712

11. One Seagate External Hard drive, Model: ST3290A

12. One Black PNY USB Memory stick/flash drive, 16G

13. Three RAM memory sticks

United States v. Gregory J. Aker, Crim. No. 15-552 (SDW)
Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant)